```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

JEFF SMITH, ANN WRIGHT, and PAT
MILLER, individually and on behalf
of all others similarly situated,

                Plaintiffs,

vs.                              Case No. 2:10-cv-339-FtM-29DNF

JERRY J. WILLIAMS,

                Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion for Reconsideration (Doc. #71) filed on October 14, 2011. Plaintiffs filed an opposition on October 31, 2011 (Doc. #73). For the reasons set forth below, the motion is denied.

**I.**

This matter is brought by plaintiffs asserting violations of the Employee Retirement Income Security Act of 1974 (ERISA). The Court set forth the factual background of this matter in its September 26, 2011 Opinion and Order (Doc. #67) and will not repeat it here. On September 26, 2011, this Court issued an Opinion and Order granting in part and denying in part defendants' Dispositive Motion to Dismiss Amended Complaint (Doc. #43) and Dispositive Motion to Dismiss Amended Class Action Complaint (Doc. #46), which

dismissed all but two claims against the only remaining defendant, Jerry J. Williams (Williams). Those two claims are: (1) plaintiffs' Count I claim for breach of fiduciary duty based upon a conflict of interest, which relates to the June 2008 sale of defendant's shares of Orion Stock to the Plan; and (2) plaintiffs' Count III claim for breach of fiduciary duty based upon defendant's failure to provide complete and accurate information to Plan participants and beneficiaries. On October 14, defendant Williams filed the subject motion seeking reconsideration of this Court's Opinion and Order.

## II.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. Am. Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003) (citing Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Taylor Woodrow, 814 F. Supp. at 1073; PaineWebber, 902 F. Supp. at 1521. "When issues have been carefully considered and decisions rendered, the only

reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." Taylor Woodrow, 814 F. Supp. at 1072-73.

A motion for reconsideration does not provide an opportunity to simply reargue—or argue for the first time—an issue the Court has once determined. Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. Sch. Bd. of Hillsborough Cnty., 149 F.R.D. 235, 235 (M.D. Fla. 1993). Unless the movant's arguments fall into certain limited categories, a motion to reconsider must be denied.

Under Rule 59(e), courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).

### III.

Defendant first asserts that the remaining Count I claim must be dismissed because the Court committed clear error by failing to consider one of defendant's arguments. (Doc. #71, pp. 2-5.) Specifically, defendant argued that plaintiffs failed to allege how

defendant's conduct harmed the plan.  (Id.)  This argument was already considered and rejected by the Court.  Therefore, to the extent that defendant contends that reconsideration is necessary to correct clear error as to Count I, the Court disagrees and concludes that defendant has not satisfied the standard outlined above.

Second, defendant argues that the Court should amend its Opinion and Order to clarify that paragraphs 65-68 should be stricken from the Amended Complaint.  (Doc. #71, pp. 5-6.)  Defendant contends that the Court identifies three letters dated June, August, and November 2008 and that the allegations relating to the June and August letters should be stricken because the letters were sent to shareholders in defendant's capacity as president and not in his capacity as trustee of the Plan.  (Id.)  There is no basis for the Court to amend its order.  Defendant failed to address the issue in his motion to dismiss (Doc. #43) and reply (Doc. #52).  In addition, defendant makes no allegations that there has been an intervening change in law or the availability of new evidence.  Further, he cannot demonstrate that the Court's failure to strike paragraphs 65-68 was clear error.  Therefore, defendant's request for the Court to amend its Opinion and Order is denied.

Accordingly, it is now

**ORDERED:**

Defendant's Motion for Reconsideration (Doc. #71) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this <u>8th</u> day of August, 2012.

*[signature: John E. Steele]*

JOHN E. STEELE
United States District Judge

Copies: Counsel of record