UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFF SMITH, ANN WRIGHT, and PAT
MILLER, individually and on behalf
of all others similarly situated,

               Plaintiffs,

vs.                      Case No.  2:10-cv-339-FtM-29DNF

JERRY J. WILLIAMS,
               Defendant.
_____

**FINDINGS AND ORDER PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, PRELIMINARILY APPROVING PROPOSED CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF CLASS NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND EXPENSES AND NAMED PLAINTIFFS' CASE CONTRIBUTION COMPENSATION**

This matter comes before the Court on an unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. #89), filed on January 17, 2013. Pursuant to the Court's request (Doc. #90), the parties have also filed a Response (Doc. #91) describing the deductions anticipated to be made from the settlement fund.

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), with respect to the Orion Bancorp Inc. Employee Stock Ownership Plan (With 401(k) Provisions) (the "Plan"). The terms of the Settlement are set out in the Class Action Settlement Agreement dated January 17, 2013 (the "Agreement"

or "Settlement Agreement"), executed by counsel on behalf of the Plaintiffs and the Defendant.[1]

The Court has preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the Settlement Class. Upon reviewing the Settlement Agreement and the matter having come before the Court upon Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, it is hereby

**ORDERED, ADJUDGED, and DECREED** as follows:

1.   The unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. #89) is **GRANTED** as set forth below.

2.   **Class Findings:**   Solely for the purpose of this Settlement, the Court finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court, and any other applicable law have been met as to the Settlement Class defined below, in that:

(a)   The Court preliminarily finds that, as required by Fed. R. Civ. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the members of the Settlement Class are so numerous that joinder before the Court would be impracticable.

---

[1]Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Class Action Settlement Agreement dated as of January 17, 2013, on file in this Action.

(b)   The Court preliminarily finds that, as required by Fed. R. Civ. P. 23(a)(2), there are one or more questions of fact and/or law common to the Settlement Class.

(c)   The Court preliminarily finds that, as required by Fed. R. Civ. P. 23(a)(3), the claims of the Named Plaintiffs are typical of the claims of the Settlement Class.

(d)   The Court preliminarily finds, as required by Fed. R. Civ. P. 23(a)(4), that the Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that (i) the interests of the Named Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Settlement Class, (ii) there appear to be no conflicts between the Named Plaintiffs and the Settlement Class, and (iii) the Named Plaintiffs and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA breach of fiduciary duty class actions.

(e)   The Court preliminarily finds that, as required by Fed. R. Civ. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of (i) inconsistent or varying adjudications as to individual class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in the ERISA Action, or (ii) adjudications as to individual class members that would, as a

-3-

practical matter, be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede those persons' ability to protect their interests.

(f)  The Court preliminarily finds that, as required by Fed. R. Civ. P. 23(g), that Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, that Class Counsel have done extensive work identifying or investigating potential claims in the Action, Class Counsel are experienced in handling class actions and claims of the type asserted in the Action, Class Counsel are knowledgeable of the applicable law, and that Class Counsel have committed the necessary resources to represent the Settlement Class.

3.  **Class Certification** - The Court certifies the following Settlement Class under Fed. R. Civ. P. 23(b)(1):

> All persons who were participants in or beneficiaries of the Plan[2], as defined in Section 1.30 of the Settlement Agreement, during the Class Period whose accounts included investments in Orion common stock.  Excluded from the Settlement Class is Defendant and members of Defendant's immediate family, Defendant's legal representative, heirs, successors or assigns and any such excluded party and any entity in which Defendant has or had a controlling interest.

The Court appoints the Named Plaintiffs as class representatives for the Settlement Class and appoints Class Counsel as counsel for the Settlement Class.

---

[2]As specified above, the "Plan" at issue is the Orion Bancorp Inc. Employee Stock Ownership Plan (With 401(k) Provisions).

4. **Preliminary Findings Regarding Proposed Settlement** - The Court preliminarily finds that (i) the proposed Settlement results from extensive arms'-length negotiations, (ii) the Settlement Agreement was executed only after Class Counsel had conducted extensive investigation into the facts and merits of their claims, (iii) Class Counsel have diligently investigated and aggressively litigated this case to be fully apprised of the strength and weaknesses of the Named Plaintiffs' claims, and (iv) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class.

5. **Fairness Hearing** - A hearing is scheduled for **July 15, 2013, at 10:00 a.m.** (the "Fairness Hearing") to determine, among other things:

- Whether the Settlement should be finally approved as fair, reasonable, and adequate, and the Action should be dismissed;

- Whether the notice, summary notice, and notice method prepared by the Parties (i) constitutes the best practicable notice, (ii) constitutes notice reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing, (iii) are

reasonable and constitute due, adequate, and sufficient notice to all persons entitled to notice, and (iv) meet all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

- Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

- Whether the proposed Plan of Allocation should be approved; and

- Whether any application(s) for attorneys' fees and expenses and compensation to Named Plaintiffs, which will be paid from the Settlement Fund, is fair and reasonable and should be approved.

6. **Settlement Class Notice** - The Parties have presented to the Court a proposed form of Class Notice, appended hereto as Exhibit 1. The Court finds that such form fairly and adequately (a) describes the terms and effect of the Settlement Agreement and the Plan of Allocation, (b) notifies the Settlement Class that Class Counsel will seek attorneys' fees from the Settlement Fund not to exceed 30% of the Settlement Fund, reimbursement of expenses, and compensation for the Named Plaintiffs up to an aggregate award  amount of $6,000, (c) gives notice to the Settlement Class of the time and place of the Fairness Hearing, and (d) describes how the recipients of the Class Notice may object to

any of the relief requested.  The Parties have proposed the following manner of communicating the notice to members of the Settlement Class, and the Court finds that such proposed manner is the best notice practicable under the circumstances.

Accordingly, the Court directs that Class Counsel shall:

- By no later than **March 18, 2013,** cause the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be mailed, by first-class mail, postage prepaid, to the last known address of each member of the Settlement Class who can be identified by reasonable effort.  Defendant shall use reasonable efforts to assist Class Counsel in promptly obtaining the names and last known addresses of the members of the Settlement Class.  The names and addresses Class Counsel obtain pursuant to this Order shall be used solely for the purpose of providing notice of this Settlement and for no other purpose.

- By no later than **March 18, 2013,** cause the Class Notice to be published on each website identified in the Class Notice.

7.  **Motion for Final Approval** - The parties shall present and file their Motion for Final Approval of the Settlement, Request for Attorneys' Fees and Expenses, and Motion for Approval of the Plan of Allocation by no later than **May 24, 2013.**

**8.   Objections to Settlement** - Any member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the Plan of Allocation, to the proposed attorneys' fees and expenses, or to the request for compensation for the Named Plaintiffs may file an objection.  An objector must file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection. The objector must also mail copies of the objection and all supporting law and/or evidence to Class Counsel and to counsel for the Defendant.  The addresses for filing objections with the Court and service on counsel are as follows:

*For Filing:*

Clerk of the Court
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
2110 First Street
Fort Myers, Florida
33901


*To Named Plaintiffs' Lead Settlement Class Counsel*

SAXENA WHITE P.A
Joseph E. White III
2424 North Federal Highway, Suite 257
Boca Raton, FL 33431

*To Defendant's Counsel*

WINSTON & STRAWN LLP

Thomas M. Buchanan
1700 K Street, N.W.
Washington, D.C. 20006

The objector or his, her, or its counsel (if any) must effect service of copies of the objection on counsel listed above and file it with the Court no later than **June 24, 2013.** If any objector hires an attorney to represent him, her, or it for the purpose of making such objection pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than **June 24, 2013.** Any member of the Settlement Class or other Person who does not file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

    **9. Responses to Objections** - The parties shall file any reply or response to filed objections filed with the Clerk of Court by any Member of the Settlement Class by no later than **July 8, 2013.**

    **10. Appearance at Fairness Hearing** - Any objector who files and serves a timely, written objection in accordance with paragraph 8 above may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the

objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Defendant's counsel (at the addresses set out above) and file it with the Court by no later than **June 24, 2013.** Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

11. **Notice Expenses** - The expenses of printing, mailing, and publishing all notices required hereby shall be paid from the Settlement Fund.

12. **Service of Papers** - Defendant's counsel and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

13. **Termination of Settlement** - This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is terminated in accordance with the Settlement Agreement.

14. **Use of Order** - This Order shall not be construed or used as an admission, concession, or declaration by or against the Defendant of any finding of fiduciary status, fault, wrongdoing, breach, or liability. This Order shall not be construed or used as an admission, concession, or declaration by or against the Named

-10-

Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any arguments, defenses, or claims he, she, or it may have, including but not limited to, any objections by Defendant to class certification in the event that the Settlement Agreement is terminated.

15. **Jurisdiction** - The Court hereby retains jurisdiction for purposes of implementing this Settlement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement as may from time to time be appropriate and to resolve any and all disputes arising thereunder.

16. **Continuance of Hearing** - the Court reserves the right to continue the Fairness Hearing without further written notice.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __11th__ day of February, 2013.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record

-11-