UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFF SMITH, ANN WRIGHT, and PAT
MILLER, individually and on behalf
of all others similarly situated,

               Plaintiffs,

vs.                         Case No.  2:10-cv-339-FtM-29DNF

JERRY J. WILLIAMS,
               Defendant.
_____

## ORDER AND FINAL JUDGMENT

This matter came before the Court on July 15, 2013 for a Fairness Hearing as to the proposed class action settlement agreement. The Court heard from attorney Lester R. Hooker on behalf of plaintiffs and attorney Thomas M. Buchanan on behalf of defendants. Proper notice has been given, and no objections were filed by any class member, and no class member appeared in court.

This Action[1] involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA"), with respect to the Orion Bancorp Inc. Employee Stock Ownership Plan (With 401(k) Provisions) (the "Plan"). On February 11, 2013, the Court entered a Findings and Order Preliminarily Certifying A Class For Settlement Purposes, Preliminarily Approving Proposed Class Action Settlement, Approving

---

[1]Except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to them in the Class Action Settlement Agreement, which has been filed in this Action.

Form and Manner of Class Notice, and Setting Date for Hearing on Final Approval of Settlement and Award of Attorneys' Fees and Expenses and Named Plaintiffs' Case Contribution Compensation ("Preliminary Approval Order")(Doc. #92) granting the Parties' unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. #89) and giving preliminary approval to the Class Action Settlement Agreement (the "Settlement Agreement")(Doc. #89-1) dated January 17, 2013.

Now before the Court is Plaintiff's Motion for Final Approval of Class Action Settlement, Certification of Class, Approval of Plan of Allocation, Award of Attorneys' Fees and Reimbursement of Expenses (the "Final Approval Motion") (Doc. #96). Therefore, with due and adequate notice having been given to the Settlement Class as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings conducted herein and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1.    The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Class.

2.    The Court, for purposes of settlement, certifies this Action as a Class Action under Fed. R. Civ. P. 23(a) and 23(b)(1), 23(b)(2).    The Class is defined as all persons who were

-2-

participants in or beneficiaries of the Plan[2], as defined in Section 1.30 of the Settlement Agreement, during the Class Period whose accounts included investments in Orion common stock.  This includes any persons who have been participants or beneficiaries of the Plan since January 1, 2006.  Excluded from the Settlement Class is Defendant, and members of Defendant's immediate family, Defendant's legal representative, heirs, successors or assigns and any such excluded party and any entity in which Defendant has or had a controlling interest.

3.   Jeffrey Smith, Patrick Miller and Ann Wright (the "Plaintiffs" or "Named Plaintiffs") are appointed as Class Representatives, and Saxena White, P.A. ("Saxena White") is appointed as Lead Counsel for the Class ("Lead Counsel") pursuant to Fed. R. Civ. P. 23(g)).

4.   The Court finds:

(a)  The Class is so numerous that joinder of all Class Members before the Court individually is impracticable.

(b)  The Class allegations present common questions of law and/or fact, including:

   (i)  Whether the Defendant breached fiduciary
   obligations to the Plan and the participants
   by causing the Plan to take on debt to
   purchase Defendant's Orion common stock;

---

[2]The "Plan" at issue is the Orion Bancorp Inc. Employee Stock Ownership Plan (With 401(k) Provisions).

(ii) Whether the Defendant breached fiduciary obligations to the Plan and the participants by providing incomplete and inaccurate information to participants regarding Orion common stock;

(iii) Whether as a result of the alleged fiduciary breaches engaged in by the Defendant, the Plan and the participants and beneficiaries suffered losses.

(c)   The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied because the claims of the Named Plaintiffs arise from the same alleged course of conduct that gives rise to the claims of the Class Members, and their claims are based on the same legal theory. Named Plaintiffs allege that they and the other members of the Class were participants or beneficiaries in the Plan during the Class Period whose Plan accounts included investments in Orion common stock, that the Plan's fiduciaries treated them and all other participants of the Plan alike, and that Plan-wide relief is necessary and appropriate under ERISA.  Under these circumstances, the claims asserted by the Named Plaintiffs are sufficiently typical of the claims asserted by the Class as a whole to satisfy Fed. R. Civ. P. 23(a)(3).

(d)   The requirements of Fed. R. Civ. P.23(a)(4) are also satisfied.  The Named Plaintiffs have no conflicting interests with absent members of the Class.  The Court is satisfied that Lead Counsel are qualified, experienced, and prepared to represent the Class to the best of their abilities.

(e)   The Class also satisfies the requirements of Fed. R. Civ. P. 23(b)(1).   Named Plaintiffs' breach of fiduciary duty claims were brought on behalf of the Plan, creating a risk that failure to certify the Class would leave future plaintiffs without relief. There is also a risk of inconsistent dispositions that might prejudice the Defendant and/or result in contradictory rulings including as to whether certain Defendant's disclosures to participants in the Plan was appropriate.

(f)   The Class also satisfied the requirements of Fed. R. Civ. P.23(b)(2).   Named Plaintiffs' claims are based on allegations that Defendant breached their fiduciary duties owed to the Class as a whole regarding Defendant's decision to have the Plan take on debt, thereby making appropriate final injunctive relief or corresponding declaratory relief appropriate.

(g)   The Court has also considered each of the elements required by Fed. R. Civ. P. 23(g) in order to ensure that Class Counsel, including Lead Counsel, will fairly and adequately represent the interests of the Class.   Class Counsel have done substantial work to identify and investigate potential claims in this Action.   Class Counsel have represented that they have investigated the allegations in the Amended Class Action Complaint by interviewing witnesses, reviewing publicly available information, reviewing hundreds of pages of documents, and consulting with experts.   Class Counsel have experience in handling

class actions and claims of the type asserted in this Action. Class Counsel have also demonstrated knowledge of the applicable law.  Finally, over the course of three years, Class Counsel have devoted considerable resources to and have aggressively litigated this case.  The Court concludes that Class Counsel, including Lead Counsel, have fairly and adequately represented the interests of the Settlement Class.

(h)  The Settlement Class has received proper and adequate notice of the Settlement Agreement, the Fairness Hearing, Class Counsel's application for attorneys' fees and expenses and for Named Plaintiffs' compensation, and the Plan of Allocation, such notice having been given in accordance with the Preliminary Approval Order.  Such notice included mailing an individual notice to all members of the Settlement Class who could be identified through reasonable efforts, and included information regarding the procedures for the making of objections.  Such notice fully satisfies the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

5.  Pursuant to Fed. R. Civ. P. 23(e), the Court hereby approves and confirms the Settlement as a fair, reasonable, and adequate settlement and compromise of the claims asserted in the Action.

6.   The Court hereby approves the Settlement Agreement and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

6.   The Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable, and adequate, and more particularly finds:

(a)   The Settlement was negotiated vigorously and at arms'-length by the Named Plaintiffs and Class Counsel on behalf of the Settlement Class seeking Plan-wide relief for the Plan.

(b)   The Action settled following over three years of aggressive litigation by the Named Plaintiffs and Defendant.  The Action settled following arms-length negotiations between counsel who were thoroughly familiar with this litigation and with the aid of an experienced mediator.  The Named Plaintiffs and the Defendant had sufficient information to evaluate the settlement value of this Action.

(c)   Using the mailing lists for physical addresses provided by the Defendant, Rust Consulting Inc. mailed 447 notices to Class members on or before March 18, 2013 and zero objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses to be requested as disclosed in the Notice, further endorsing the Settlement's fairness.

(d)   If the Settlement had not been achieved, Named Plaintiffs and Defendant faced the expense, risk, and uncertainty of extended

litigation.  Named Plaintiffs contend that their chances of success at trial were excellent in view of, *inter alia*, (i) alleged favorable determinations of legal issues in similar cases, (ii) the expert testimony Plaintiffs expected to offer at trial, and (iii) the structure of the Plan and their administration.  Defendant contends that their chances of success at trial and/or on appeal, if necessary, were excellent in view of, *inter alia*, (i) what Defendant characterizes as Plaintiffs' high burden of proof at trial, (ii) the expert testimony that Defendant expected to offer at trial, (iii) explanations for the Plan's alleged losses unrelated to actions or inactions of the Plan's fiduciary, and (v) alleged favorable determinations of legal issues in similar cases. The Court takes no position on the merits of the case, but notes these arguments as evidence in support of the reasonableness of the Settlement.

(e)  The amount of the Settlement - $175,000 - is fair, reasonable, and adequate.  The Settlement amount is within the range of settlement values obtained in similar cases.

(f)  At all times, the Named Plaintiffs have acted independently of Defendant and in the interest of the Settlement Class.

8.  Upon the Effective Date, the following claims are released by operation of this Order and Final Judgment:

-8-

(a)   <u>Releases by the Named Plaintiffs, the Settlement Class,</u> <u>and the Plan</u>.   Named Plaintiffs shall and hereby do conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge, and the Plan and the Settlement Class shall, by operation of the Final Judgment, be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged, the Released Parties from all Released Claims.

(b)   <u>Releases by Defendant</u>.   Defendant shall and hereby does conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge the Plaintiffs' Released Parties from any and all Defendant's Released Claims.

9.   The Court hereby approves Plaintiffs' Counsel's application for a fee and expense in the amount of $71,214.00 and finds that such award is fair and reasonable.   The Court also hereby approves case contribution awards to Named Plaintiffs in the amount of $2,000.00 each, for an aggregate award of $6,000.00.

10.   The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement, or any challenges as to the performances, validity, interpretation, administration, enforcement, or enforceability of the Class Notice, this Order and Judgment, or the Settlement Agreement or the termination of the Settlement Agreement.   The Court shall also retain exclusive jurisdiction over and rule by separate Order with respect to all applications for

awards of attorneys' fees and expenses by Class Counsel and compensation to the Named Plaintiffs made pursuant to the Settlement Agreement.

11.  In the event that the Settlement Agreement is terminated in accordance with its terms, this Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*, and the Action shall proceed as provided in the Settlement Agreement.

12.  This Judgment shall not be construed or used as an admission, concession, or declaration of any fault, wrongdoing, breach, or liability.

13.  The Clerk shall close the case.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of July, 2013.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record